IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| **RENEE (COG) FEREBEE,** <br> Plaintiff, | * <br> * |
| v. | CIVIL ACTION NO. PWG-17-1397 <br> * |
| **ATTORNEY JEANETT P. HENRY, LLC,** <br> Defendant. | * |

*****

## MEMORANDUM

On May 19, 2017, Renee Ferebee, a self-represented litigant residing in Temple Hills, Maryland, filed this action invoking this Court's federal question jurisdiction. Compl. 1–2, ECF No. 1. Ms. Ferebee states that attorney Jeanett P. Henry, LLC "mishandled" the claims she brought in *Ferebee v. Sally Beauty Supply Store*, No. PX-16-2991 (D. Md.) and "wrongfully judged" her to be "crazy and on drugs." Compl. 1. She accuses Defendant of breaching a contract and alleges that Defendant "lied to the defendant's attorney" about the facts of her case against Sally Beauty Supply Store.[1] *Id.* at 1–2. She attaches Defendant's retainer agreement and correspondence with defense counsel in *Ferebee v. Sally Beauty Supply Store*. Compl. 5–12. Ms. Ferebee seeks $500 million "in tort, defamation of character, false representation, breach of contract, sabortagement [sic], civil rights being violated, [and] punitive damages all of unfair services (discrimination)." *Id.* at 2.

Ms. Ferebee has filed a Motion for Leave to Proceed In Forma Pauperis. ECF No. 2.

---

[1] Ms. Ferebee claims that Defendant's lies caused Ms. Ferebee "to take over her case." Compl. 2. A review of the docket in PX-16-2991 reveals that Jeanett P. Henry terminated her representation of Ms. Ferebee before Ms. Ferebee filed that self-represented federal case. ECF Nos. 1 & 4 in *Ferebee v. Sally Beauty Supply Store*.

Notwithstanding the fact that she holds herself out as an attorney and claims that she will be paid billions of dollars in the future, Ms. Ferebee shall be granted leave to proceed without prepayment of the filing fee. Her Complaint, however, shall be summarily dismissed.

It is well established that a Court has broad inherent power to dismiss an action, or part of an action, which is frivolous, vexatious, or brought in bad faith, and may exercise its discretion to dismiss a case at any time, notwithstanding the payment of any filing fee or any portion thereof, if it determines that a plaintiff lacks standing, that subject matter jurisdiction does not exists, or that a case fails to state a claim. *See Mallard v. United States Dist. Ct. for S.D. of Iowa,* 490 U.S. 296, 307-08 (1989) (courts have authority to dismiss a frivolous or malicious lawsuit even in absence of a specific statutory provision); *Ross v. Baron,* 493 F. App'x 405, 406 (4th Cir. 2012) (unpublished) (noting that "frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid"); *Fitzgerald v. First East Seventh St. Tenants Corp.,* 221 F.3d 362, 364 (2d Cir. 2000) (holding that district courts may dismiss frivolous complaints *sua sponte,* even when plaintiff has paid the filing fee, noting that "district courts are in particular likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources"). Moreover, pursuant to 28 U.S.C. § 1915(e)(2)(B), courts are required to screen a plaintiff's complaint when, as here, in forma pauperis status has been granted. Therefore, pursuant to this statute, numerous courts have performed a preliminary screening of non-prisoner complaints. *See Michau v. Charleston Cnty., S.C.*, 434 F.3d 725, 727-28 (4th Cir. 2006) (applying 28 U.S.C. § 1915(e)(2)(B) to screen preliminarily a non-prisoner complaint); *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) to non-

prisoner actions); *Evans v. Albaugh*, No. 13-CV-11, 2013 WL 5375781, at *1-2 (N.D. W. Va. Sept. 25, 2013) (28 U.S.C. § 1915(e) authorizes dismissal of complaints filed in forma pauperis).

A court may consider subject matter jurisdiction *sua sponte* as part of its initial review of the Complaint. *See Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) ("[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court."); *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) ("Determining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure."). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Upon generous construction of the Complaint, I find that Ms. Ferebee has failed to set out a claim entitling her to relief in this Court. She cannot make out a civil rights case simply by setting out legal conclusions or alleging that the case is based on her "civil rights being violated." As filed, her Complaint has not alleged any particularized deprivations so as to state a jurisdictional basis for a federal question claim under this Court's federal question jurisdiction, 28 U.S.C. § 1331.

At best, Ms. Ferebee's cause of action alleges nothing more than tortious conduct or breach of contract on the part of Defendant. This Court is, however, a court of limited original jurisdiction and does not sit to review every claim related to alleged breach of contract or tortious conduct involving non-federal parties. Instead, it only has authority to review such state-law claims filed pursuant to a federal district court's diversity of citizenship jurisdiction. Pursuant to 28 U.S.C. § 1332, diversity jurisdiction exists when the parties are of diverse citizenship and the

amount in controversy exceeds $75,000. It is a firmly established general rule of the federal courts that a plaintiff's diversity claim is the measure of the amount in controversy and determines the question of jurisdiction. *See McDonald v. Patton*, 240 F.2d 424, 425-26 (4th Cir. 1957). Here, the parties, both Maryland residents, *see* ECF No. 1-1, are not diverse. Consequently, the Complaint shall be summarily dismissed by separate Order.[2]

Date: June 28, 2017                                        /S/
                                                    Paul W. Grimm
                                                    United States District Judge

---

[2] The Complaint shall be dismissed without prejudice. Ms. Ferebee may file her contract and/or tort claims in state court should she choose to do so.